BRETT A. AXELROD, ESQ., NV Bar No. 5859
NICHOLAS A. KOFFROTH, ESQ., NV Bar No. 16264
JEANETTE E. McPHERSON, ESQ., NV Bar No. 5423
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email:  baxelrod@foxrothschild.com
          nkoffroth@foxrothschild.com
          jmcpherson@foxrothschild.com

*[Proposed] Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-S-23-13871-NMC |
| BLITZ NV, LLC, | Chapter 11 (Subchapter V) |
| Debtor. | **DEBTORS' MOTION FOR (A) SANCTIONS AND/OR DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY AND (B) HOLDING THE STEEL SUPPLEMENTS, INC. IN CONTEMPT** |
| | Hearing Date:  October 17, 2023<br>Hearing Time: 9:30 a.m. |

Blitz NV, LLC ("Blitz" or "Debtor"), debtor and debtor in possession in the above-captioned case filed under subchapter V of chapter 11 (the "Chapter 11 Case") of the Bankruptcy Code[1], by and through their undersigned counsel, Fox Rothschild LLP, respectfully submits this motion requesting the entry of an Order pursuant to 11 U.S.C. § 362: (1) enforcing the Automatic Stay; (2) awarding sanctions and/or compensatory and punitive damages for intentional and willful violation of the automatic stay; and (3) holding Steel Supplements, Inc. in contempt of court (the "Motion").

/ / /

/ / /

---

[1] All references to "chapter" and "section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

149202191.1

The Motion is made and based upon the following memorandum of points and authorities, the declaration of Heather L. Ries filed in support hereof, the papers and pleadings on file with the Court in this Chapter 11 Case, and any oral arguments the Court may entertain at the hearing on the Motion.

Dated this 13th day of September, 2023.    **FOX ROTHSCHILD LLP**

By  /s/ Brett A. Axelrod
:  BRETT A. AXELROD, ESQ. (5859)
NICHOLAS A. KOFFROTH, ESQ. (16264)
JEANETTE E. MCPHERSON, ESQ. (5423)
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135

*[Proposed]Counsel for Debtor*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### <u>JURISDICTION AND VENUE</u>

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2)(A).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409 because Debtor's Chapter 11 Case is pending in this Court.

3. The statutory basis for the relief requested herein are Bankruptcy Code §§ 105 and 362 and rule 9014 of the Federal Rules of Bankruptcy Procedure.

4. Pursuant to Local Rule 9014.2, Debtors consent to entry of final orders(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### II.

### <u>FACTUAL BACKGROUND</u>

5. On September 6, 2023 (the "<u>Petition Date</u>"), the Debtor filed with this Court its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "<u>Court</u>"). The Debtor is continuing to manage and operate its business as a debtor in possession pursuant to Sections 1107(a)

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

149202191.1

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

and 1108 of the Bankruptcy Code.

6. The Debtor is a holding company for interests in e-commerce, streaming video and retail industries.

7. Steel Supplements, Inc. ("Steel") is a manufacturer and supplier of nutritional supplements.

8. On December 14, 2020, Steel filed a Complaint in the United States District Court for the Middle District of Florida ("Fla. District Court") titled *Steel Supplements, Inc. v. Blitz NV, LLC* with Case No. 8:20-cv-02972-WFJ-TGW for alleged breach of a Personal Services Sponsorship/License Agreement related to promotion, publicity and endorsement of Steel's products ("Florida Action").

9. On August 8, 2023, Steel filed its Notice of Settlement in the Florida Action.

10. As set forth above, on September 6, 2023, the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

11. On September 6, 2023, Debtor's counsel sent Steel's counsel and e-mail advising it of the Debtor's bankruptcy filing.

12. Despite express knowledge of the Debtor's bankruptcy, on September 7, 2023, Steel filed its Motion to Reopen Case (Florida Action; ECF No. 274) wherein it requested that the Fla. District Court "not dismiss this case with prejudice but instead reopen this case for further proceeding as necessary, including, but not limited to, future potential enforcement of the parties' settlement agreement or, in the alternative, future pretrial and trial proceedings." A true and correct copy of the Motion to Reopen Case is attached to the Declaration of Heather L. Ries ("Ries Decl.") as **Exhibit 1**.

13. In its Motion to Reopen, Steel admits that it had express notice of Steel's bankruptcy filing on September 7, 2023 and stated, "At 8:08 p.m. on September 6, counsel for STEEL received an email correspondence from the law firm of Fox Rothschild LLP. The correspondence included three bankruptcy court filings, including Blitz's petition to the Nevada bankruptcy court dated September 6, 2023." In fact, Steel attached a copy of the September 6, 2023 e-mail and copies the bankruptcy court filings as Composite Exhibit B to its Motion to Reopen.

149202191.1

14. On September 7, 2023, Debtor's counsel, Brett Axelrod, sent a letter by e-mail to Steel's counsel advising Steel that its Motion to Reopen Case was in direct violation of the automatic stay and demanding that the motion be withdrawn by Monday, September 11, 2023. A true and correct copy of the September 7, 2023 e-mail and letter is attached to the Ries Decl. as **Exhibit 2**.

15. On September 7, 2023, the Debtor filed its Suggestion of Bankruptcy in the Florida Action and attached a copy of the Notice of Chapter 11 Bankruptcy case entered by this Court on September 6, 2023.

16. On September 8, 2023, the Fla. District Court entered an Order ("September 8th Order") stating:

> ENDORSED ORDER granting [274] Motion to Reopen Case. Upon due consideration of the [275] Suggestion of Bankruptcy filed by Defendant Blitz NV, LLC, all proceedings in this case are stayed pursuant to the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362(a). The Clerk is directed to first reopen the case to active status and then denote the case is stayed. Thereafter, the Clerk is directed to administratively close this case during the pending of the bankruptcy stay. The parties must file a status report at the earlier of the bankruptcy proceedings' resolution or within six (6) months.

17. On September 11, 2023, Steel's counsel sent an e-mail to Debtor's counsel, Brett A. Axelrod, that says:

> We received your letter regarding the automatic stay. We of course disagree with your characterization of the filing, but there is really nothing to discuss at this point in light of the Court's order maintaining the status quo in the Tampa district court. I trust you have seen it already, but if not, I've pasted it below. Let me know if you have any questions.

(referring to the September 8th Order). A copy of the September 11, 2023 e-mail is attached to the Ries Decl. as **Exhibit 3**.

### III.

### <u>RELIEF REQUESTED</u>

18. As a result of Steel's stay violation by filing the Motion to Reopen Case and failure to withdraw the Motion to Reopen Case, the Debtor has been forced to incur the time preparing and filing the instant motion.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

19.    Steel requests that this Court: (1) hold that Steel's post-petition filing of the Motion to Reopen constitutes an intentional and willful violation of the automatic stay; (2) award sanctions and/or compensatory and punitive damages for Steel's intentional and willful violation of the automatic stay; (3) find the September 8th Order reopening the Florida Action is void and (4) grant the Debtor such other relief that the Court deems just and proper.

**IV.**

**BASIS FOR RELIEF**

20.    The Debtor brings this Motion seeking relief that is urgently needed to remedy Steel's intentional and willful violation of the automatic stay.

21.    Steel was and had express knowledge of the Debtor's Chapter 11 proceeding at the time it filed the Motion to Reopen Case seeking relief from the Fla. District Court that it "not dismiss this case with prejudice but instead reopen this case for further proceeding as necessary, including, but not limited to, future potential enforcement of the parties' settlement agreement or, in the alternative, future pretrial and trial proceedings." *See* Exhibit 1 and Exhibit 2 at ¶ 4 to the Ries Decl.

22.    Notably, Steel did not seek any relief from the Court prior to filing its Motion to Reopen Case. *See* Ries Decl. at ¶ 4. Indeed, there is nothing on the docket to indicate that Steel filed a motion for relief from the automatic stay or any other relief prior to filing the Motion to Reopen. *Id*.

23.    On September 7, 2023, the Debtor's counsel sent Steel a letter (via counsel) (the "September 7th Letter") demanding advising Steel that its Motion to Reopen Case was in direct violation of the automatic stay and demanding that the motion be withdraw by Monday, September 11, 2023. *See* Ries Decl., Exhibit 2.

24.    Steel has failed and refused to withdraw the Motion to Reopen Case.

25.    The Debtor respectfully requests that the Court grant the foregoing relief for the reasons and based upon the authorities set forth in greater detail below.

/ / /

/ / /

/ / /

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

149202191.1

# IV.

## LEGAL AUTHORITY

**A.      Steels Post-Petition Filing of the Motion to Reopen Case in the Florida Action Constitutes a Willful and Intentional Violation of the Automatic Stay.**

The filing of a petition for relief under the Bankruptcy Code immediately operates as an automatic stay of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of [the chapter 11 case]." 11 U.S.C. § 362(a)(1). In addition, the automatic stay also bars "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §§ 362(a)(3) & (6).

The scope of protections embodied in the automatic stay is quite broad, and serves as one of the most important protections in bankruptcy law. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210 (9th Cir. 2002) (*citing Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993)); *see also Chugach Timber Corp. v. Northern Stevedoring & Handling Corp.*, 23 F.3d 241, 243 (9th Cir. 1994). "It is designed to effect an immediate freeze of the status quo by precluding and nullifying post-petition actions, judicial or nonjudicial, in nonbankruptcy fora against the debtor or affecting the property of the estate." *Hillis Motors*, 997 F.2d at 585.

The Ninth Circuit has held on several occasions that the automatic stay imposes on non-debtor parties an affirmative duty of compliance. In *Knupfer v. Lindblade (In re Dyer)*, the Ninth Circuit held that the post-bankruptcy petition recordation of a deed of trust by a creditor was a willful violation of the automatic stay because the creditor "had an affirmative duty to remedy his automatic stay violation . . . such as by attempting to undo the recordation process." 322 F.3d 1178, 1191-92 (9th Cir. 2003).

The Ninth Circuit has instructed that the test for determining whether a violation of the automatic stay is willful is:   (1) whether the party knew of the stay; and (2) whether the violation of the stay was intentional. *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir. 1989).

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

149202191.1

"Intentional" does not mean a specific subjective intent to violate the stay. *Pinkstaff v. United States (In re Pinkstaff)*, 974 F.2d 113, 115 (9th Cir. 1992). It is irrelevant whether the party believed in good faith that it had the right to the property at issue. *In re Bloom*, 875 F.2d at 227.

The Ninth Circuit has held that a willful violation does not require specific intent to violate the automatic stay. *In re Goodman*, 991 F.2d 613, 618 (9th Cir. 1993) (good faith belief that it was not a violation nor relevant to whether the act was willful). *See also In re Smith*, 170 B.R. 111, 117 (Bankr. N.D. Ohio 1994) (§ 362(h) sanctions not precluded by "good faith" reliance on counsel's advice); and *In re Xavier's of Belville, Inc.*, 172 B.R. 667 (Bankr. M.D. Fla. 1994) (violation of the stay only requires the act be deliberate; no specific intent to violate the stay is necessary); *Accord In re Atkins*, 176 B.R. 998, 1008 (Bankr. D. Minn. 1994) (holding that in order to be "willful," the creditor must "act deliberately with knowledge of the bankruptcy petition").

Here, there is no doubt that Steel's post-petition filing of the Motion to Reopen Case in the Florida Action constitutes an intentional and willful violation of the automatic stay. As referenced in the Motion to Reopen Case, ¶ 13 and Composite Exhibit B, express knowledge of the Debtor's bankruptcy filing on September 6, 2023. *See* Exhibit 1 and 2 to Ries Decl. However, notwithstanding Steel's express knowledge and notice of the Debtor's bankruptcy, Steel filed the Motion to Reopen Case anyway. Debtor's counsel sent the September 7th Letter to notify Steel of its violation of the automatic stay. Yet, Steel essentially disregarded the September 7th Letter with respect to allegations that Steel willfully violated the automatic stay by filing the Motion to Reopen Case. Steel's filing of the Motion to Reopen Case, was not only a blatant violation of the automatic stay, but its failure to withdraw the Motion to Reopen reflects its disregard of the law and its desire to continue to violate the stay. *See* Exhibit 3 to Ries Decl.

**B.    Request for Sanctions for Willful Violation of the Automatic Stay by Motion is Proper**

Bankruptcy Rule 9014 provides that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a). The Ninth Circuit Bankruptcy Appellate Panel ("BAP") has held that Bankruptcy Rule 7001 governing matters to be brought by adversary proceeding does not apply to sanctions requests for willful violation of the

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

149202191.1

automatic stay.  *In re Zumbrun*, 88 B.R. 250, 252 (B.A.P. 9th Cir. 1988).  Further, the Ninth Circuit BAP recognizes the "imposition of sanctions under section 362(h) by means of a motion rather than a complaint."  *Id*. at 253 n.1 (*citing Budget Service Co. v. Better Homes of Virginia*, 804 F.2d 289, 291 (4th Cir. 1986); *Fidelity Mortgage Investors v. Camelia Builders Inc*., 550 F.2d 47, 50 (2d Cir. 1976); *In re Elegant Concepts*, 67 B.R. 914, 917 (Bankr. E.D.N.Y. 1986)).  Accordingly, this Motion is properly brought pursuant to Bankruptcy Rule 9014.

**C.      This Court Has Authority to Award Damages for Willful Violation of the Automatic Stay.**

The United States bankruptcy courts have the inherent power to hold litigants in contempt of court and to punish unlawful conduct related to the proceedings before them.  *See Caldwell v. Unified Capital Corp.*, 77 F.3d 278, 285 (9th Cir. 1996).  A violation of the automatic stay is punishable as contempt of court under 11 U.S.C. § 105.  Courts may punish violation of automatic stay against corporate debtors by fining the violating party for contempt and awarding actual and punitive damages, costs, and fees to debtor.  *In re Goodman*, 991 F.2d 613 (9th Cir. 1993); *In re Chateaugay Corp.*, 920 F.2d 183, 184-87 (2d Cir. 1990); *In re Ionosphere Clubs, Inc.*, 171 B.R. 18, 21 (S.D.N.Y. 1994) (all allowing civil contempt findings to be used to remedy violations of the automatic stay against corporations); and *In re Xavier's Of Seville, Inc.*, 172 B.R. 667, 671 (Bankr. M.D. Fla. 1994) (stay is the "equivalent" of court order for contempt purposes).

Here, Steel's intentional and willful act of filing the Motion to Reopen Case, was not only a blatant violation of the automatic stay, but its failure to withdraw said motion has injured the Debtor and its bankruptcy estate.  *See* Exhibit 3 to <u>Ries Decl</u>.  Steel clearly has no respect for the automatic stay, and the consequences of its actions taken in violation of the automatic stay must not be ignored.  Thus, the Debtor respectfully requests that the Court award the Debtor contempt sanctions against Steel in an amount of not less than its attorneys' fees and costs for preparing and prosecuting this motion, or such other amount that the Court deems appropriate.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

149202191.1

## VI.

## <u>CONCLUSION</u>

WHEREFORE, the Debtor respectfully requests that this Court issue an order: (a) imposing sanctions and/or awarding compensatory and punitive damages against Steel for willfully violating the Automatic Stay; (b) holding Steel in contempt of Court; (c) finding the September 8th Order reopening the Florida Action is void and (d) granting such other and further relief as the Court deems just and proper.

Dated this 13th day of September, 2023.   **FOX ROTHSCHILD LLP**

By /s/ Brett A. Axelrod
: BRETT A. AXELROD, ESQ. (5859)
NICHOLAS A. KOFFROTH, ESQ. (16264)
JEANETTE E. MCPHERSON, ESQ. (5423)
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135

*[Proposed]Counsel for Debtor*

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

149202191.1