**DIAMOND McCARTHY LLP**
Allan B. Diamond, Esq. (*pro hac vice*)
Stephen T. Loden, Esq. (*pro hac vice*)
Christopher D. Johnson, Esq. (*pro hac vice)*
Brian R. Hogue (*pro hac vice*)
909 Fannin, Suite 3700
Houston, Texas 77010
Phone: (713) 333-5100
adiamond@diamondmccarthy.com
sloden@diamondmccarthy.com
chris.johnson@diamondmccarthy.com
brian.hogue@diamondmccarthy.com

*Attorneys for Brian D. Shapiro,*
*Chapter 7 Trustee*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>BLITZ NV, LLC<br><br>             Debtor. | Case No. 23-13871-nmc<br>Chapter 7<br><br>**EX PARTE MOTION FOR AN ORDER DIRECTING EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004 OF DANIEL BILZERIAN**<br><br>Hearing Date: Not Requested<br>Hearing Time: |

**EX PARTE MOTION FOR AN ORDER DIRECTING EXAMINATION**
**PURSUANT TO FED. R. BANKR. P. 2004 OF DANIEL BILZERIAN**

Brian Shapiro, the chapter 7 Trustee (the "Trustee") of the estate of Blitz NV, LLC ("Blitz" or the "Debtor"), by and through its undersigned counsel, respectfully moves this Court, pursuant Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Nevada,[1] for the entry of an order directing Daniel Bilzerian ("Bilzerian"), to appear for an examination **on no less than fourteen (14) days' notice** regarding, among other things, (i)

---

[1] Unless otherwise stated, all "Chapter" and "Section" references are to Title 11 of the U.S. Code (the "Bankruptcy Code"), all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and all references to "Local Rules" are to the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada (the "Local Rules").

Bilzerian's ownership and control of Blitz, (ii) Bilzerian's ownership and control of, or relationship to certain related entities, including 30 Meadowlark LLC, Ignite International Brands Ltd., Bilzerian Entertainment, LLC, Goat Works, LLC, Goat Airways, LLC, and Aragon Security Services Corp (collectively, the "Related Entities"), and (iii) transactions between Blitz and the Related Entities. In support of this motion (the "Motion"), the Trustee respectfully states:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief sought herein are Section 105, Bankruptcy Rule 2004, and Local Rule 2004.

## CASE STATUS AND BACKGROUND

3.    On September 9, 2023 (the "Petition Date"), the above-captioned debtor, Blitz, filed a Voluntary Petition (the "Petition") [ECF 1] under chapter 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned bankruptcy case.

4.    On December 19, 2023, this Court entered its *Order (1) Granting Motion to Convert Case to Chapter 7; and (2) Denying Debtor's Motion for Entry of Order Dismissing the Chapter 11 Case* (the "Conversion Order") [ECF 135], converting the case to a case under chapter 7.

5.    Brian Shapiro is the appointed chapter 7 trustee.

## ARGUMENT

6.    An examination pursuant to Bankruptcy Rule 2004 "can be ordered 'on motion of any party in interest.'"  *In re Stasz*, 387 B.R. 271, 273, n.3 (9th Cir. 2008); *see also In re Lifeco Inv. Group, Inc.*, 173 B.R. 478, 480 (Bankr. D. Del. 1994) (*quoting* Fed. R. Bankr. P. 2004(a)). Bankruptcy Rule 2004 further provides that the Court may order the examination and the production of documentary evidence concerning any matter that relates "to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or . . . any matter relevant to the case or the formulation of a plan."  Fed. R. Bankr. P. 2004(b); *In re Dinubilo*, 177 B.R. 932, 935 (E.D. Cal. 1993) (noting "[u]nder Rule 2004, a court may order the examination

of any person or motion of any party in interest.").  Generally, the purpose of a Bankruptcy Rule 2004 examination is to "discover assets, examine transactions, and determine whether wrongdoing has occurred."  *In re North Plaza, LLC*, 395 B.R. 113, 122 n.9 (S.D. Cal. 2008) (*citing In re Rafsky*, 300 B.R. 152, 153, n.2 (D. Conn. 2003)); *see also In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002).

7.      The scope of a Bankruptcy Rule 2004 examination is "unfettered and broad," as the plain language of the rule indicates. *See* 9 *Collier on Bankruptcy* ¶ 2004.02[1] at 2004-6 (15th ed. Rev. 1997); *In re Dinubilo*, 177 B.R. 932, 939 (E.D. Cal. 1993) (*quoting In re GHR Energy Corp., Inc.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983).  The broad latitude of Bankruptcy Rule 2004 examinations furthers the purpose of the rule, which is "to allow the court to gain a clear picture of the condition and the whereabouts of the bankrupt's estate."  *In re Int'l Fibercom, Inc.*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002) (permitted Bankruptcy Rule 2004 examination aimed at "obtaining information that will . . . potentially uncover additional claims that may exist for the benefit of the estate"); *In re W&S Invs.*, 1993 U.S. App. LEXIS 2231, at *5 (9th Cir. 1993) ("Bankruptcy Rule 2004 is a broadly construed discovery device."); *In re French*, 145 B.R. at 992 ("Bankruptcy Rule 2004 . . . does not offer the procedural safeguards available under Rule 26 of the Federal Rules of Civil Procedure.").

8.      The information that the Trustee seeks through this Motion relate to matters that are clearly within the permitted scope of Rule 2004, including, but not limited to, information related to the relationship between Blitz and the Related Entities, transactions between Blitz and the Related Entities for which Blitz received little or no value, and other facts relevant to potential single business enterprise and fraudulent transfer claims against Bilzerian and the Related Entities.

9.      Local Rule 2004(b) further provides, in part, "[t]he clerk may sign orders for examination if the date set for examination is more than fourteen (14) days from the date the motion is filed."  This Motion is being filed more than fourteen (14) prior to the date set for the examination. Accordingly, the clerk is authorized to sign an order granting this Motion.

3

## CONCLUSION

For the reasons stated above, the Trustee respectfully requests that the Court enter an order directing Dan Bilzerian to appear for an examination pursuant to Bankruptcy Rule 2004 on January 29, 2025, beginning at 9:30 a.m. (prevailing local time) at the offices of Veritext Court Reporting, 3960 Howard Hughes Parkway, Suite 700, Las Vegas, Nevada 89169. A proposed order is attached hereto as **Exhibit 1**.

Dated this 3rd day of December 2024.

**Diamond McCarthy, LLP**

*/s/ Christopher D. Johnson*
Allan B. Diamond, Esq. (pro hac vice)
Stephen T. Loden, Esq. (pro hac vice)
Christopher D. Johnson, Esq. (pro hac vice)
909 Fannin, Suite 3700
Houston, Texas 77010

*Counsel for Brian Shapiro, Chapter 7 Trustee*

4

**CERTIFICATE OF SERVICE**

1.    On December 3, 2024, I served the following document(s):

**EX PARTE MOTION FOR AN ORDER DIRECTING EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004 OF DANIEL BILZERIAN**

2.    I served the above document(s) by the following means to the persons as listed below:

☒    a.    ECF System:

BRETT A. AXELROD        baxelrod@foxrothschild.com;
                        pchlum@foxrothschild.com;
                        mwilson@foxrothschild.com;
                        nv.dkt@foxrothschild.com

ALLAN B. DIAMOND        adiamond@diamondmccarthy.com

CHRISTOPHER JOHNSON    chris.johnson@diamondmccarthy.com

BRIAN D. SHAPIRO        brian@brianshapirolaw.com
                        kshapiro@brianshapirolaw.com;
                        brian@trusteeshapiro.com;
                        nv22@ecfcbis.com;
                        kristin@trusteeshapiro.com;
                        carolyn@brianshapirolaw.com
                        bryce@brianshpirolaw.com
                        6855036420@filings.docketbird.com

U.S. TRUSTEE – LV – 7    USTPRegion17.lv.ecf@usdoj.gov

CANDACE C. CARLYON    ccarlyon@carlyoncica.com
TALI FREY              CRobertson@carlyoncica.com;
NATASHA SHARMA        nrodriguez@carlyoncica.com;
                      jang@carlyoncica.com;
                      9232006420@filings.docketbird.com
                      dcica@carlyoncica.com
                      tfrey@carlyoncica.com
                      nsharma@carlyoncica.com

☐    b.    United States mail, postage fully prepaid:

☐    c.    Personal Service:

I personally delivered the document(s) to the persons at these addresses:

☐    For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐    For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

5

☐    d.    By direct email (as opposed to through the ECF System): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    e.    By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐    f.    By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 3, 2024.

By: /s/ *Christopher D. Johnson*
Christopher D. Johnson

6