GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail:  ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail:  tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Ignite International, Ltd.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>BLITZ NV, LLC,<br><br>           Debtor. | Case No. 23-13871-nmc<br>Chapter 7<br><br><br>Hearing Date: OST REQUESTED<br>Hearing Time: OST REQUESTED |

**MOTION TO WITHDRAWAL AS COUNSEL FOR IGNITE INTERNATIONAL, LTD**

Garman Turner Gordon ("GTG") respectfully submits this *Motion to Withdraw as Counsel* ("Motion") for Ignite International, Ltd ("Ignite") in the above referenced bankruptcy case (the "Bankruptcy Case").

This Motion is made and based upon the following Memorandum of Points and Authorities, the declaration of Gregory E. Garman, Esq. ("Garman Decl.") submitted concurrently herewith, Local Rule[1] 2014, Nevada Rules of Professional Conduct Rule 1.16(b), and the pleadings and papers of record on file in the case, judicial notice which is respectfully requested pursuant to Federal Rule of Evidence 201, and such other evidence as may be provided at the hearing on the Motion.

---

[1] References to "Local Rule" refer to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada; references to "LR" refer to the Local Rules of Practice for the United States District Court for the District of Nevada.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b). Venue of the Debtor's Chapter 7 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a "core proceeding" over which the Court has jurisdiction to render a decision.

2. Pursuant to Local Rule 9014.2, GTG consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. FACTUAL BACKGROUND

3. On September 6, 2023 (the "Petition Date"), Blitz NV, LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the Bankruptcy Case. [ECF No. 1].

4. On December 19, 2023, the case was converted to chapter 7. [ECF 135].

5. GTG appeared as counsel for Ignite on April 22, 2025. [ECF No. 222].

6. On July 28, 2025, STEEL Supplements, Inc.'s ("STEEL") filed its *Motion to Compel Compliance with Subpoenas by Ignite International, Ltd. and Request for Fees* ("Motion to Compel"). [ECF No. 281].

7. On July 29, 2025, the Court entered its *Order Granting Ex Parte Application for Order Shortening Time to Hear STEEL Supplements, Inc.'s Motion to Compel Compliance with Subpoenas by Ignite International, Ltd. and Request for Fees and Costs* and set the Motion to Compel for a hearing via teleconference on August 7, 2025, at 9:30 AM. [ECF No. 292]. The Court set the deadline to file objections to the Motion to Compel on August 5, 2025. [*Id.*].

8. Although GTG cannot provide further explanation without invading the attorney-client privilege, cause exits under Rule 1.16(b) that prevents GTG from further representation of Ignite in this matter. (*See* Garman Decl. at ¶ 5).

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

### III. LEGAL AUTHORITIES

Local Rule 2014(c), which incorporates LR IA 11-6, governs the appearance and withdrawal of counsel. Together, the rules require attorneys that have appeared in an action to obtain leave of Court before they may withdraw as counsel. A withdrawing attorney must serve notice on the affected client and opposing counsel. USDC LR IA 11-6(b). If withdrawal "will result in delay of discovery, the trial, or any hearing in the case," the withdrawing attorney must show good cause. *Id.* at (e).

GTG has good cause to withdraw under the Nevada Rule of Professional Conduct 1.16, which provides a non-exclusive list of circumstances in which counsel may (or must) withdraw. That list includes, as relevant here, the following:

(1) Withdrawal can be accomplished without material adverse effect on the interests of the client;

…

(4) A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;

(5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) Other good cause for withdrawal exists.

Nev. R. Prof'l Cond. 1.16.

Although GTG cannot provide further explanation without invading the attorney-client privilege, cause exits under Rule 1.16(b) that prevents GTG from further representation of Ignite in this matter. (*See* Garman Decl. at ¶ 5).

In light of the instant Motion, GTG is unable to prepare and file an opposition to STEEL's Motion to Compel. Accordingly, GTG requests that the briefing schedule and hearing be continued to allow Ignite the opportunity to seek and retain counsel to prepare Ignite's opposition to the Motion to Compel.

GTG's withdrawal as counsel of record will not adversely affect Ignite, particularly if the briefing schedule and hearing on STEEL's Motion to Compel is continued. Ignite has been advised

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

in writing and understands that withdrawal will occur. (*See* Garman Decl. at ¶ 6). GTG has advised Ignite of the impending withdrawal and of all upcoming deadlines. (*See* Garman Decl. at ¶ 6). Ignite understands and consents to GTG's withdrawal as counsel. (*See* Garman Decl. at ¶ 6). Additionally, in the event Ignite obtains substitute counsel, GTG is willing to execute a Substitution of Counsel and cooperate in the transition of the representation in order to avoid causing any delays in these proceedings. (*See* Garman Decl. at ¶ 7).

## IV.  CONCLUSION

Based on the foregoing, GTG respectfully requests that the Court enter an order granting this Motion in its entirety, authorizing the withdrawal of GTG as counsel of record for Ignite in the Bankruptcy Case, and continuing the briefing and hearing on the pending Motion to Compel by sixty (60) days.

Dated this 31st day of July 2025.

GARMAN TURNER GORDON LLP

By:  */s/ Gregory E. Garman*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Ignite International, Ltd.*

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

4