**ANDERSEN BEEDE WEISENMILLER**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: *ryan@abwfirm.com*
Mark M. Weisenmiller, Esq.
Nevada Bar No. 12128
Email: *mark@abwfirm.com*
3199 E Warm Springs Rd, Ste 400
Las Vegas, Nevada 89120
Phone: 702-522-1992
Fax:    702-825-2824

*Counsel for International Investments, Ltd.*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>BLITZ NV, LLC,<br><br>Debtor. | Case No.: 23-13871-NMC<br>Chapter 7<br><br>**DECLARATION OF RYAN A. ANDERSEN IN SUPPORT OF EX PARTE MOTION TO WITHDRAW AS COUNSEL AND TO REMOVE COUNSEL FROM CM/ECF SERVICE LIST**<br><br>Hearing Date:   *OST Requested*<br>Hearing Time:   *OST Requested* |

I, Ryan A. Andersen, hereby state as follows under penalty of perjury:

1.    I am over the age of 18 and mentally competent.

2.    Except where stated on information and belief, I have personal knowledge of the facts in this matter, and, if called upon to testify, could and would do so.

3.    I am an attorney duly licensed to practice law in the State of Nevada.

4.    I make this declaration in support of the Ex Parte Motion to Withdraw as Counsel and to Remove Counsel from CM/ECF Service List filed concurrently herewith.

5.    Andersen Beede Weisenmiller (the "Firm") has been counsel of record for International Investments, Ltd. ("II") in this Bankruptcy Case since May 23, 2025.

6.      The Firm has informed II of its intent to file the Motion and to withdraw from representing II in the Bankruptcy Case.

7.      II is aware of the upcoming hearing and deadline to oppose the Motion to Compel.

8.      Here, good cause for the Firm's withdrawal is present.

9.      While the specific factual details constituting cause for withdrawal cannot be divulged without violating the Firm's duty of confidentiality or the attorney-client privilege held by II, the following examples of cause found in Rule 1.16 of the Nevada Rules of Professional Conduct are relevant here:

(1) Withdrawal can be accomplished without material adverse effect on the interests of the client;

…

(4) A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;

(5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) Other good cause for withdrawal exists.

Nev. R. Prof'l Cond. 1.16.

10.     For the reasons set forth in this Motion, the Firm will not be able to file a substantive opposition to the Motion to Compel.

11.     Therefore, the Firm, on behalf of II, requests that the deadlines and hearing date concerning the Motion to Compel be continued to allow II an appropriate amount of time to retain new counsel and to respond to the Motion to Compel.

12.     The Firm has clearly communicated the fact of the Firm's withdrawal, that this Motion would be forthcoming, and that the Firm would seek to have the Motion heard on shortened time.

13.     II has consented to the Firm's withdrawal and to this Motion being heard on shortened time.

14.     In the event that II selects new counsel prior to the hearing on this Motion, the Firm will assist in transitioning the file and will execute a substitution of counsel, at which time the Firm will also withdraw this Motion.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 1st day of August, 2025.

/s/ Ryan A. Andersen
Ryan A. Andersen, Esq.